**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KRYSTAL KARNS, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. |
| v. | **CLASS ACTION COMPLAINT** |
| DELOITTE CONSULTING LLP, | **JURY DEMANDED** |
| Defendant. | |

Now comes the Plaintiff, KRYSTAL KARNS ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys, and for her class action Complaint against the Defendant, DELOITTE CONSULTING LLP, ("Defendant"), Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENTS**

1.      This is an action for damages, injunctive relief, and any other available legal or equitable remedies, for violations of the Illinois Personal Information Protection Act ("PIPA"), 815 ILCS 530/1, *et seq.*, and the Illinois Consumer Fraud and Deceptive Businesses Practices Act ("CFA"), 815 ILCS 505/1, *et seq.*, negligence, and breach of implied contract resulting from the illegal actions of Defendant, when it failed to properly secure and protect the personally identifiable information ("PII") described herein. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332(d), because the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest or costs, and is a class action in which members of the class are citizens of a State different from the Defendant.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant resides in the Northern District of Illinois, does business within this District, and is subject to the court's jurisdiction in this District.

## PARTIES

4.      Plaintiff is an individual who was at all relevant times residing in Kewanee, Illinois.

5.      On information and belief, Defendant is a Delaware limited liability partnership, whose principal place of business is located in New York, New York.

6.      At all times relevant hereto, Defendant was engaged in a contract with the Illinois Department of Employment Security ("IDES") to assist in the administration of the Pandemic Unemployment Assistance ("PUA") program relative to processing and payment of unemployment benefits.

7.      Defendant is a "Data Collector" as defined in PIPA, 815 ILCS 530/5, as it is a privately or publicly held corporation that for any purpose handles, collects, disseminates, or otherwise deals with nonpublic personal information.

## FACTS COMMON TO ALL COUNTS

8.      Defendant built and maintained website portals used by Illinois residents to apply for PUA benefits.

9.      PUA was created as part of the Coronavirus Aid Care and Economic Security Act to expand unemployment benefit coverage to various categories of workers affected by the COVID-19 pandemic.

10.     Defendant entered into a contract with the State of Illinois to provide website services related to the PUA, knowing that the PII they would be given by Illinois residents was extremely sensitive and needed to be protected.

11.     Plaintiff applied for unemployment benefits under the PUA using the online system designed by Defendant for the Illinois Department of Employment Security. Pursuant to that application, Plaintiff was required to enter into the system her, and her minor daughter's, names, social security numbers, and street address, as well as Plaintiff's bank account number and copies of her driver's license card and Social Security card.

12.     During or about May of 2020, Defendant failed to secure and protect the PII of Illinois residents who applied for PUA benefits. As a result of Defendant's failure, Plaintiff and her minor daughter's PII was exposed to unknown third parties, including but not limited to their names, social security numbers, and street address, as well as Plaintiff's bank account number and driver's license information. This incident is hereinafter referred to as the "Data Breach."

13.     Plaintiff was notified of the Data Breach which exposed her PII through an email she received from the IDES, which did not identify Defendant. Plaintiff has not received any notification related to the Data Breach from Defendant.

14.     Plaintiff's PII that was exposed by Defendant in the Data Breach is "Personal Information" as defined by PIPA, 815 ILCS 530/5, in that it included her name, social security number, driver's license number, and bank account number.

3

15.    Persons, like Plaintiff herein, have a strong interest in protecting their PII from falling into the wrong hands.

16.    By making failing to safeguard Plaintiff's PII, Defendant impaired her ability to protect herself, her minor daughter, and her identities from theft, misuse, and abuse by nefarious third-party individuals.

17.    Therefore, Plaintiff has been deprived of her legally protected interest to safeguard her PII against third party individuals.

18.    As a result, Plaintiff has been exposed to untold risk of loss, identity theft, or other types of nefarious abuse at the hands of third-party individuals.

19.    As a result of the Data Breach, Plaintiff has expended time and suffered loss of productivity from taking time to address and attempt to ameliorate, mitigate, and deal with the future consequences of the Data Breach including investigating the information compromised and how best to ensure Plaintiff is protected from potential identity theft and fraud, which efforts are continuous and ongoing.

20.    Defendant knew or should have known that the PII in its care was extremely important and would subject millions of Americans to abuse, theft, or fraud if it were exposed to third parties, and that Plaintiff would not be able to safeguard her, and he minor daughter's, identities if Defendant failed to safeguard their PII.

21.    Defendant has not provided Plaintiff with notice or details regarding the Data Breach as is required by PIPA.

22.    A violation of PIPA constitutes an unlawful practice under the CFA, pursuant to 815 ILCS 530/20.

4

23. As a result of Defendant's acts and omissions outlined above, Plaintiff has suffered concrete and particularized injuries and harm, which include, but are not limited to, the following: (1) the loss of the opportunity and ability to control how their personal information is used; (2) the diminution in the value and/or use of their personal information entrusted to Defendant; (3) the compromise, publication, and/or theft of their personal information; (4) out-of-pocket expenses associated with the prevention, detection, monitoring, protection, and recovery of their personal information from identity theft and/or unauthorized use of their PII; (5) lost opportunity costs associated with effort expended and the loss of productivity addressing and attempting to mitigate the actual and future consequences of the data breach, including but not limited to efforts spent researching how to prevent, detect, and recover from identity theft and personal data misuse; (6) costs associated with the ability to freely utilize credit and assets frozen or flagged due to credit misuse, including denial of credit and/or increased costs to use credit, credit scores, credit reports, and assets; (7) unauthorized use of compromised PII; (8) tax fraud; (9) the continued risk to Plaintiff and the Class members' PII, which remains in Defendant's possession and are subject to further breaches so long as Defendant fails to undertake reasonable and appropriate measures to protect the PII in its possession; and (10) future costs in terms of time, effort, and expense that will be expended by Plaintiff and the Class to prevent, detect, contest, monitor, protect, and repair the impact of compromised PII as a result of the data breach for the remainder of the lives of Plaintiff and the Class.

## CLASS ALLEGATIONS

24. Plaintiff brings this action on behalf of herself and all others similarly situated, as a member of the proposed class (the "Class"), defined as follows:

> All persons within the United States whose PII was exposed as a result of the Data Breach.

5

25.     Plaintiff also brings this action on behalf of herself and all others similarly situated, as a member of the proposed sub-class (the "Sub-Class"), defined as follows:

> All persons within the State of Illinois whose PII was exposed as a result of the Data Breach.

26.     Defendant, its employees and agents are excluded from the Class and Sub-Class. Plaintiff does not know the number of members in the Class and Sub-Class, but believes the members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

27.     The Class and Sub-Class are so numerous that the individual joinder of all of their members is impractical. While the exact number and identities of their members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the Class and Sub-Class include thousands, if not millions of members. Plaintiff alleges that the Class and Sub-Class members may be ascertained by the records maintained by Defendant and IDES.

28.     This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because the Class and Sub-Class are so numerous that joinder of their members is impractical and the disposition of their claims in the Class Action will provide substantial benefits both to the parties and the Court.

29.     There are questions of law and fact common to the Class and Sub-Class affecting the parties to be represented. The questions of law and fact common to the Class and Sub-Class predominate over questions which may affect individual Class and Sub-Class members and include, but are not necessarily limited to, the following:

a.      Whether Defendant failed to use reasonable care to avoid exposing Plaintiff and the Class and Sub-Class members' PII;

b.      Whether Defendant failed to give the Class and Sub-Class members notice pursuant to PIPA;

c.      Whether the Defendant's conduct with respect to the data breach was unfair, unlawful, and or deceptive;

d.      Whether Defendant owed a legal duty to Plaintiff and the Class and Sub-Class members to protect their personal information, and whether Defendant breached this duty;

e.      Whether Defendant was negligent;

f.      Whether Plaintiff and the Class and Sub-Class members are at an increased risk of identity theft as a result of Defendant's breach and failure to safeguard their PII; and

g.      Whether the Class and Sub-Class members are entitled to damages and the proper measure of those damages.

30.    As a resident of the United States and the State of Illinois whose PII was exposed in the Data Breach, Plaintiff is asserting claims that are typical of the Class and the Sub-Class.

31.    Plaintiff has no interests adverse or antagonistic to the interests of the other members of the Class and the Sub-Class.

32.    Plaintiff will fairly and adequately protect the interests of the members of the Class and the Sub-Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

33.    A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class and Sub-Class

members is impracticable. Even if every Class and Sub-Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments and would magnify the delay and expense to all parties, and to the court system, resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system and protects the rights of each class member. Class treatment will also permit the adjudication of relatively small claims by many Class and Sub-Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

34.     The prosecution of separate actions by individual members of the Class and Sub-Class would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class and Sub-Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class and Sub-Class members to protect their interests.

35.     Plaintiff's claims and injuries are identical to the claims and injuries of all Class and Sub-Class members, because all claims and injuries of all Class and Sub-Class members are based on the same Data Breach and same legal theories.

36.     Defendant has acted or refused to act in respect generally applicable to the Class and Sub-Class thereby making appropriate final and injunctive relief with regard to the members of the Class and Sub-Class as a whole.

37.     The size and definition of the Class and Sub-Class can be identified through records held by IDES, and by Defendant's own records.

8

## COUNT I
## VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND
## DECEPTIVE BUSINESS PRACTICES ACT, 815 ILCS 505/1, *et seq.*

38.     Plaintiff incorporates all of the allegations and statements made in paragraphs 1

through 37 above as if fully reiterated herein.

39.     Plaintiff is a "person" as defined in 815 ILCS 505/1(c), as she is a natural person.

40.     Defendant is a "person" as defined in 815 ILCS 505/1(c), as it is a company and a

business entity and/or association.

41.     815 ILCS 505/2 states:

> Unfair methods of competition and unfair or deceptive acts or
> practices, including but not limited to the use or employment of any
> deception fraud, false pretense, false promise, misrepresentation or
> the concealment, suppression or omission of any material fact, with
> intent that others rely upon the concealment, suppression or
> omission of such material fact, or the use or employment of any
> practice described in Section 2 of the "Uniform Deceptive Trade
> Practices Act", approved August 5, 1965, in the conduct of any trade
> or commerce are hereby declared unlawful whether any person has
> in fact been misled, deceived or damaged thereby.

42.     Through its failure to provide notice to Illinois consumers as required by PIPA,

Defendant has committed unlawful business practices under the CFA.

43.     815 ILCS 505/10a states:

> (a) Any person who suffers actual damage as a result of a violation
> of this Act committed by any other person may bring an action
> against such person. The court, in its discretion may award actual
> economic damages or any other relief which the court deems
> proper...
>
> (c) [T]he Court may grant injunctive relief where appropriate and
> may award, in addition to the relief provided in this Section,
> reasonable attorney's fees and costs to the prevailing party.

44.     In taking the actions and omissions set forth above, and failing to provide notice pursuant to PIPA as set forth above, Defendant violated the CFA, including, but not limited to, 815 ILCS 505/2.

45.     Defendant failed to comply with the requirements of the CFA, including, but not limited to 815 ILCS 505/2, as to the Class and Sub-Class members with respect to the above-alleged transactions.

46.     By reason thereof, Plaintiff is entitled to a judgment against Defendant, declaring that Defendant's conduct violated 815 ILCS 505/2, enjoining Defendant from engaging in similar conduct in the future, and awarding actual damages, punitive damages, injunctive relief, costs, and attorneys' fees.

## COUNT II
## NEGLIGENCE

47.     Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 37 above as if fully reiterated herein.

48.     Defendant owed a duty to Plaintiff and the Class and Sub-Class members to exercise reasonable care in obtaining, securing, compiling, safeguarding, deleting and protecting Plaintiff and the Class and Sub-Class members' bank account numbers, social security numbers, and other personal information.

49.     That duty included, among other things, designing, maintaining, and testing Defendant's security systems and taking reasonable security measures to ensure that Plaintiff and the Class and Sub-Class members' personal information in Defendant's possession was adequately secured and protected. Defendant further owed Plaintiff and the Class and Sub-Class members a duty to implement measures that would detect a breach of its security system in a timely manner, and to expeditiously act upon learning of a breach of security or data breach.

50.     Defendant owed a duty to Plaintiff and the Class to provide security measures, including security consistent with industry standards, to ensure that its systems and networks and Defendant's personnel responsible for them, adequately protected the personal information of Plaintiff and the Class and Sub-Class members.

51.     Defendant owed a duty of care to Plaintiff and the Class and Sub-Class members because they were foreseeable victims of any inadequate security measures or practices. Defendant knew or should have known that it had inadequately safeguarded Plaintiff and the Class and Sub-Class members' personal information and failed to implement adequate precautionary measures, including ample training, policies, and procedures to protect Plaintiff and the Class members' bank account numbers, social security numbers, and other personal information.

52.     Plaintiff and the Class and Sub-Class members entrusted Defendant with their personal information and social security numbers, relying on the understanding that Defendant would implement policies and procedures, and take measures to protect their personal information and protect Plaintiff and the Class and Sub-Class members from harm in the event of a data breach.

53.     Defendant knew or should have known of the inherent risks of collecting and storing individuals' personal information, including their private bank account numbers and social security numbers, and the critical importance and requirement to provide adequate security of that information for Plaintiff and the Class and Sub-Class members.

54.     Through its acts and omissions described herein, Defendant unlawfully breached its duty of reasonable care to implement security measures to protect the personal information of Plaintiff and the Class and Sub-Class members within Defendant's possession and control. Defendant further breached its duty by failing to expeditiously notify and accurately disclose to Plaintiff and the Class and Sub-Class members that their personal information and social security

numbers compiled and maintained by Defendant were known or reasonably believed to have been stolen or compromised.

55. As a direct and proximate result of Defendant's breaches of its duties of care, Plaintiff and the Class and Sub-Class members have suffered and will suffer injury, including but not necessarily limited to those categories of injury, damages, and harm outlined above.

## COUNT III
## BREACH OF IMPLIED CONTRACT

56. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 37 above as if fully reiterated herein.

57. Defendant entered into a contract with the State of Illinois to help administer PUA to Illinois residents. As a result of that contract Defendant invited and induced Plaintiff and the Class and Sub-Class members to use its PUA portal to provide their personal information, including names, addresses, Social Security numbers, and other personal information.

58. Defendant was required to reasonably safeguard and protect the PII of Plaintiff and the Class and Sub-Class members from unauthorized use, and to timely and accurately notify Plaintiff and the Class and Sub-Class members if their PII was compromised so that they act to mitigate the harm caused by the unauthorized disclosure or release of their personal information to unknown and unauthorized third parties.

59. Based on this understanding, Plaintiff and Class members accepted Defendant's offer and provided their PII to Defendant.

60. Plaintiff and the Class and Sub-Class members would not have provided and entrusted their personal information to Defendant in the absence of their implied contract with Defendant, and would have instead retained the opportunity and ability to control their personal information rather than entrusting such personal information with Defendant

12

61. Defendant breached the implied contracts with Plaintiff and the Class and Sub-Class members by failing to reasonably safeguard and protect Plaintiff and the Class and Sub-Class members' personal information as impliedly promised.

62. As a proximate and direct result of Defendant's breaches of its implied contracts, Plaintiff and the Class and Sub-Class members have suffered and will suffer injury, including but not necessarily limited to those categories of injury, damages, and harm outlined above.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment against Defendant as follows:

a. An order certifying the Class and the Sub-Class and appointing Plaintiff as Representative of the Class and the Sub-Class;

b. An order certifying the undersigned counsel as the Class and Sub-Class Counsel;

c. An order requiring Defendant, at its own cost, to notify all members of the Class and the Sub-Class of the unlawful, unfair, deceptive, and unconscionable conduct herein;

d. Judgment against Defendant in an amount to be determined at trial;

e. An order for injunctive relief prohibiting such conduct by Defendant in the future;

f. Judgment against Defendant for Plaintiff's attorneys' fees, court costs, and other litigation costs; and

g. Any other relief deemed just and proper by this Court.

<u>**JURY DEMAND**</u>

Plaintiff demands a trial by jury on all issues in this action so triable, except for any issues relating to the amount of attorneys' fees and costs to be awarded should Plaintiff prevail on any of her claims in this action.

RESPECFULLY SUBMITTED,

KRYSTAL KARNS

By:    <u>/s/ Todd M. Friedman</u>
Attorney for Plaintiff
Illinois Attorney No. 6276496
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard Street, Suite 780
Woodland Hills, California 91367
Phone: (877) 619-8966
Fax: (866) 633-0228
tfriedman@toddflaw.com

<u>/s/ Abbas Kazerounian</u>
Attorney for Plaintiff
Illinois Attorney No. 6316129
Kazerouni Law Group, APC
245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Phone: (800) 400-6808
Fax: (800) 520-5523
ak@kazlg.com

<u>/s/ Mona Amini</u>
Attorney for Plaintiff
*Pro Hac Vice Motion Forthcoming*
Kazerouni Law Group, APC
245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Phone: (800) 400-6808
Fax: (800) 520-5523
mona@kazlg.com

14

/s/ David B. Levin
Attorney for Plaintiff
Illinois Attorney No. 6212141
Law Offices of Todd M. Friedman, P.C.
333 Skokie Blvd., Suite 103
Northbrook, Illinois 60062
Phone: (224) 218-0882
Fax: (866) 633-0228
dlevin@toddflaw.com

/s/ Steven G. Perry
Attorney for Plaintiff
Illinois Attorney No. 6330283
Law Offices of Todd M. Friedman, P.C.
333 Skokie Blvd., Suite 103
Northbrook, Illinois 60062
Phone: (224) 218-0875
Fax: (866) 633-0228
steven.perry@toddflaw.com